E-FILED
Friday, 23 October, 2026 12:11:47 PM
Clerk, U.S. District Court, ILCD



IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| ELIJAH HERGERT, | ( | |
| | ( | Case No. 4:26-cv-04237-SDL-RLH |
| Plaintiff, | ( | |
| | ( | |
| vs. | ( | |
| | ( | |
| AUGUSTANA COLLEGE, | ( | |
| | ( | |
| Defendant. | ( | |
| | ( | |

FILED
10/22/2026
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

PLAINTIFF'S MOTION FOR LEAVE, IF REQUIRED, TO FILE REPLY IN SUPPORT OF MOTION FOR RULING ON THE PAPERS AND REQUEST FOR REASONABLE ACCOMMODATION

Plaintiff Elijah Hergert, proceeding pro se, respectfully requests leave, if required, to file the attached proposed reply to Defendant's response, ECF No. 11. Defendant filed that response on October 20, 2026. The proposed reply addresses the response's new arguments that Plaintiff's prior participation in a jury trial establishes he can participate orally now, that he should retain counsel instead of receiving an accommodation, and that his accommodation request is a "ploy" involving an advisor or artificial intelligence. Plaintiff submits this request promptly and asks that the attached reply be accepted for consideration.

Defendant takes no position on whether the Court should decide Plaintiff's motion for a ruling on the papers on written submissions or hold oral argument. The dispute requiring a response is Defendant's renewed opposition to Plaintiff's specific accommodation request. The proposed reply is limited to that issue and does not ask the Court to decide the merits of the pending motion to dismiss.

Plaintiff respectfully requests that the Court grant leave and accept the attached Proposed Reply (Exhibit A) and Declaration (Exhibit B) for consideration.

Respectfully submitted,

**/s/ Elijah Hergert**

Elijah Hergert

Plaintiff, pro se

1110 35th Street

Rock Island, IL 61201

**CERTIFICATE OF SERVICE**

I certify that on October 22, 2026, I served this document on counsel for Augustana College by electronic means through the Court's CM/ECF system:

Jason J. O'Rourke

Jenny L. Juehring

Lane & Waterman LLP

220 North Main Street, Suite 600

Davenport, Iowa 52801-1987

**/s/ Elijah Hergert**

Elijah Hergert

# EXHIBIT A

# PROPOSED REPLY

## PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR RULING ON THE PAPERS AND REQUEST FOR REASONABLE ACCOMMODATION

Defendant's response is not a reasoned opposition to an accommodation request. It is loaded acrobatic rhetoric that collapses under the lightest scrutiny. It speculates that the request is a "ploy," invokes an earlier jury trial without examining Plaintiff's present limitations, and suggests that a former janitor with no money must hire counsel. None of this addresses the functional limitation. It is the same bankrupt tactic Defendant has used elsewhere: attack the method of preparation and the fact that a pro se party used available tools, rather than confront the record.

The hypocrisy is not subtle. Defendant's counsel represents an institution whose own witness, Robert Lanzarotti, testified under oath at the June 1, 2026 trial that the decision to reclaim the house was reached with "nothing in writing or anything like that" (June 1 Tr. 115), that he never once reached out to Plaintiff about accommodations after learning of the assault (June 1 Tr. 174:22–24), and that the assault had "Zero, none" impact on the decision (June 1 Tr. 230). Those statements were offered in support of a student-housing justification that lacked contemporaneous documentation. The house had been vacant for years before Plaintiff moved in. The tenancy continued through successive renewals. Lanzarotti himself testified that the household had occupied the house for "two years, two full years, two and a half years." (June 1 Tr. 116.) The College's Daily Crime Log initially classified the incident as "BATTERY INFORMATION ONLY," despite the forced entry, broken nose, blood loss, death threats, and

bias slurs; the classification was later modified. Defendant now accuses Plaintiff of a “ploy” for using ordinary assistance, friends, and available tools to organize a record against that same institution. A party that advances testimony of that character does not acquire standing to dismiss a pro se litigant’s accommodation request as strategic theater. The accusation is an ignoratio elenchi: it substitutes a prediction about motive for evidence of the functional limitation the request actually raises.

The power dynamic is not ordinary and the timing was not neutral. Augustana College controlled the housing, the employment, and the institutional process. It was simultaneously landlord, employer, and the authority overseeing the Title IX-related proceeding. Plaintiff was a janitor with no money for counsel. Defendant is a multi-million-dollar institution represented by outside counsel and its own General Counsel. After a brutal assault that left Plaintiff with broken bones, blood loss, death threats, and bias slurs, and with a newborn infant in the household at the onset of winter, the College decided to terminate the tenancy, knowing all of this. It did so approximately ten days after the police report. Lanzarotti never reached out about accommodations. (June 1 Tr. 174:22–24.) The decision was made with nothing in writing. (June 1 Tr. 115.) Furthermore, the police records, reports, trial transcript, and the entire documentary record confirm that Plaintiff was attacked unprovoked. He was not in a fight. He was assaulted. The persistent rhetoric Defendant continues to use in its filings—characterizing the incident as a “fight,” or implying that Plaintiff was engaged in mutual combat—is profoundly disgusting and inhumane. Suggesting that the only acceptable response to a disability-related barrier is for that individual to purchase representation he cannot afford is not a reasoned assessment. It is a disgusting sleight of hand. It is an attempt to convert the existing disparity into a procedural advantage. The Court is asked to evaluate the functional limitation on its own terms, not to credit

a rhetorical attack that Defendant's own trial record, the timing of its actions, the Crime Log classification, and the structure of this dispute already undercut.

**Defendant's accusation that ordinary assistance constitutes the unauthorized practice of law is unsupported and is part of the same pattern.**

Defendant's response does not stop at characterizing the accommodation request as a "ploy." It extends the speculation to assert that a friend who reviewed drafts and suggested language is engaged in the unauthorized practice of law. That assertion is not supported by the facts Defendant has identified, and it is not a response to the functional limitation.

Andrushka Burmastrova is not an attorney. He has never held himself out as authorized to practice law. He has never entered an appearance. He has never signed a pleading, motion, brief, or other filing. Every document filed in the state eviction proceedings, the state appeal, and this action has been signed by Plaintiff as a pro se party. Plaintiff remains the litigant of record and the person who logged into the e-filing system and submitted every filing. What Burmastrova did was ordinary assistance to a pro se friend: reviewed drafts Plaintiff prepared, discussed publicly available information, and suggested wording Plaintiff could accept or reject. Because Plaintiff lacks consistent access to a computer and internet, Burmastrova provided login credentials so that Plaintiff could upload documents Plaintiff had already signed. Burmastrova did not log in, did not select the content, did not sign the documents, and did not decide whether or when to file them. There was no fee.

Under People v. Schafer, 404 Ill. 45 (1949), and People ex rel. Chicago Bar Ass'n v. Goodman, 366 Ill. 346 (1937), the character of the act determines what constitutes the practice of law. Assisting a pro se litigant who remains the signer, the decision-maker, and the person who

actually submits the filings is not the independent rendering of legal services. Defendant's accusation collapses that distinction. It treats the existence of help as the violation. The Attorney Act and Rule 779 prohibit non-lawyers from practicing law or holding themselves out as authorized to do so. They do not prohibit non-lawyers from helping friends. Qualification is not an element of unauthorized practice. Calling the assistance "deeply unqualified" is rhetoric, not an element of the offense.

The same pattern appears in the ARDC complaint Augustana's General Counsel filed against Burmastrova while these cases remain pending. The examples selected still show Plaintiff signing the documents that were filed. There is no appearance, no signature by Burmastrova, no fee, and no holding-out. The complaint's function is to generate an inquiry that burdens a pro se litigant and anyone assisting him, not to identify conduct that meets the standard in Schafer or Goodman. Defendant's repetition of that theory in this Court does not convert ordinary assistance into unauthorized practice. It converts a collateral pressure point into an argument against an accommodation request. The Court is asked to evaluate the functional limitation. It is not asked to credit an unsupported accusation that Defendant's own selected examples undercut.

Respectfully submitted,

**/s/ Elijah Hergert**

Elijah Hergert

Plaintiff, pro se

# EXHIBIT B

## DECLARATION OF ELIJAH HERGERT

I, Elijah Hergert, declare under penalty of perjury under 28 U.S.C. § 1746 that the following is true and correct:

1. I have severe anxiety and PTSD stemming from a felony assault and the subsequent institutional response.
2. When I am confronted in front of others and required to respond spontaneously, particularly in an adversarial setting, I freeze or break down.
3. Unscripted oral argument and public confrontation are not usable methods of participation for me. I can participate through written submissions and comply with written deadlines and court orders.
4. If the Court requires me to appear, I can attempt to read a short statement prepared in advance, but I cannot reliably engage in unscripted debate.
5. I am not asking and never have asked an advisor to appear, speak, sign filings, or represent me in this case or any case, ever. I remain responsible for the submissions filed in my name.
6. I have no money to retain counsel. Augustana College is aware of this fact.
7. I used available tools, including AI-assisted drafting tools, to organize the record. I personally reviewed and adopted every single filing submitted in my name.
8. I have never had anybody, friends or family, illegally practice law on my behalf.

Executed on October 21, 2026, at Rock Island, Illinois.

**/s/ Elijah Hergert**

Elijah Hergert