E-FILED
Tuesday, 27 October, 2026 03:38:28 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

ELIJAH HERGERT,

Plaintiff,

v.

AUGUSTANA COLLEGE,

Defendant.

Case No. 4:26-cv-04237-SLD-RLH

ORDER

Before the Court are Plaintiff Elijah Hergert's Motion to Remand and for Costs, ECF No. 4, Motion for a Ruling on the Papers, ECF No. 5, Request for Reasonable Accommodation, ECF No. 6, and motion for leave to file a reply, ECF No. 22. For the reasons that follow, the motion to remand is DENIED, the motion for a ruling on the papers is GRANTED, the request for accommodation is MOOT, and the motion for leave to file a reply is DENIED IN PART and MOOT IN PART.

**BACKGROUND**

Hergert filed suit in the Circuit Court of Rock Island County on September 10, 2026. Compl. 1, Not. Removal Ex. A, ECF No. 1-1 at 3–40. He asserts multiple claims against Defendant Augustana College ("Augustana") including federal claims under Title IX of the Educational Amendments Act of 1972, 20 U.S.C. §§ 1681–1688, the Fair Housing Act, 42 U.S.C. §§ 3601–3619, Section 504 of the Rehabilitation Act of 1974, 29 U.S.C. §§ 701–796l, and the Family and Medical Leave Act, 29 U.S.C. §§ 2601–2654, as well as various state law claims. *See generally* Compl.[1] On October 2, 2026, Augustana removed the suit to this Court.

[1] Hergert also includes in his complaint claims under the Americans with Disabilities Act, 42 U.S.C. §§ 12101–12213, but he acknowledges that they are unexhausted, Compl. 36, and in a later filing, he indicates that he meant

Not. Removal, ECF No. 1. Hergert moves to remand the case to the Circuit Court of Rock Island County and, alternatively, asks the Court to relinquish jurisdiction over the state claims and remand them to state court. *See* Mot. Remand 1–2.

## DISCUSSION

### I. Motion to Remand

A defendant may remove a civil action from state court to federal court if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a). Augustana removed this case on the basis that the Court has federal question jurisdiction under 28 U.S.C. § 1331 over Hergert's federal law claims and supplemental jurisdiction under 28 U.S.C. § 1367 over Hergert's state law claims. Not. Removal ¶¶ 6–7. Hergert argues that the notice of removal is deficient because it cites 28 U.S.C. § 1332(a), the diversity jurisdiction statute, but does not properly allege the requirements for diversity jurisdiction. Mot. Remand 1. But that is merely a typographical error in a section header in the notice. *See* Not. Removal § I. As noted, Augustana alleges that the Court has federal question and supplemental jurisdiction over the case. *Id.* ¶¶ 6–7. Accidentally citing the wrong statute one time in the notice does not provide a basis for the Court to remand this case to state court.

Hergert alternatively asks the Court to relinquish jurisdiction over his state law claims. Mot. Remand 2. Supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1996). A district court "may decline to exercise supplemental jurisdiction over a claim" if "the claim raises a novel or complex issue of State law," "the claim substantially predominates over the claim or claims over which the

---

only to provide notice that he may want to add his unexhausted claims to his complaint in the future, *see* Resp. Mot. Dismiss 32, ECF No. 16. Therefore, the Court does not consider those part of the complaint.

district court has original jurisdiction," or "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c)(1), (2), (4).

Hergert argues that all three reasons support relinquishing jurisdiction here. Mot. Remand 2. The Court disagrees. Hergert makes no specific argument as to how his state claims raise novel or complex issues of State law, so the Court will not relinquish jurisdiction on that basis.

He argues that the state claims predominate because "[t]he injury pleaded is a landlord and employer using one building, one job, and one Title IX office to answer a report of a violent assault," because the case involves "Illinois procedural facts" like a verdict in an eviction case and a severance order in that case, and because "[w]hether th[e] verdict precludes a damages claim is an Illinois preclusion question." *Id.* However, none of these arguments seem relevant to the predomination inquiry. The Court can relinquish jurisdiction over State claims on this basis "if it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought." *Gibbs*, 383 U.S. at 726–27. The Court does not find that the state claims predominate. Here, the state and federal claims all rest on either Hergert's lease nonrenewal and eventual eviction or on alleged discrimination in Hergert's employment in late June and early July 2026. *See generally* Compl. All will involve proof of similar facts and discussion of similar legal issues, and the Court sees no reason the remedies sought for the state claims would be more comprehensive than the remedies sought for the federal claims. Accordingly, predomination does not provide a reason for the Court to relinquish jurisdiction over the state claims.

As to compelling reasons, Hergert argues that he has a speech and anxiety disability and had already made a "written-answers request" on the state court docket. Mot. Remand 2. The

Court does not find that exceptional circumstances exist or that this is a compelling reason to relinquish jurisdiction. As discussed below, the Court is referring Hergert's accommodation requests, which have already been re-filed in this case, to the District's access coordinator for further processing.

The motion to remand is DENIED.

## II. Request for Reasonable Accommodation

Plaintiff requests that the Court "accommodate a speech and anxiety disability by deciding this case on the papers." Req. Reasonable Accommodation 1. Judicial Conference policy requires courts to provide auxiliary aids and services to participants in federal judicial proceedings who have communication disabilities to the extent that providing such aids or services does not fundamentally change the nature of the judicial proceeding or cause an undue financial or administrative burden on the judiciary. Requests for accommodation for communication disabilities must go through the District's access coordinator. Accordingly, the Court refers this matter to the access coordinator for further processing.[2] The Court MOOTS this as a pending motion.

## III. Motion for a Ruling on the Papers

Hergert asks that the motion to remand and request for accommodation be decided on the papers. Mot. Ruling 1. The motion is GRANTED because the Court has already ruled on the motion to remand on the papers and the request for accommodation will be decided via letter.

## IV. Motion for Leave to File a Reply

Hergert requests leave to file a reply in support of his motion for a ruling on the papers and his request for reasonable accommodation. Mot. Reply 1. The motion is DENIED as to the

[2] To the extent Plaintiff is requesting limitations on discovery, those must be made more specifically during discovery proceedings with citation to appropriate authority.

request to file a reply to the motion for ruling on the papers. The Court does not find that a reply would be useful for the motion for ruling on the papers as it has already been granted without consideration of the proposed reply. The motion is MOOT as to the request for reasonable accommodation because the Court has referred that motion to the District's access coordinator for further processing.

**CONCLUSION**

For the foregoing reasons, Plaintiff Elijah Hergert's Motion to Remand and for Costs, ECF No. 4, is DENIED. His Motion for a Ruling on the Papers, ECF No. 5, is GRANTED. His Request for Reasonable Accommodation, ECF No. 6, is REFERRED to the District's access coordinator for further proceedings. As a motion, it is MOOT. Hergert's motion for leave to file a reply, ECF No. 22, is DENIED IN PART and MOOT IN PART.

Entered this 27th day of October, 2026.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE