E-FILED
Tuesday, 17 November, 2026 11:39:35 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**ROCK ISLAND DIVISION**

ELIJAH HERGERT,

*Plaintiff*,

v.

AUGUSTANA COLLEGE,

*Defendant*.

Case No. 4:26-cv-04237-SLD-RLH

**ORDER & OPINION**

This case is before the Court on two motions from Plaintiff: a Motion for Leave to File Supplemental Pleading (Doc. 25) and a Motion for Leave to File Document Under Seal (Doc. 26). For the reasons stated herein, Plaintiff's Motion for Leave to File a Supplemental Pleading is GRANTED and his Motion for Leave to File Document Under Seal is DENIED.

## I. Motion for Leave to File Supplemental Pleading

Plaintiff's proposed supplemental pleading concerns a "no trespass" notice sent to Plaintiff by Defendant that excludes Plaintiff from Defendant's college property. Defendant opposes the motion, arguing that the supplemental pleading would be futile. (Doc. 28).

Under Fed. R. Civ. P. 15(a)(2), a court should "freely give leave [to amend] when justice so requires."[1] While denials of leave to amend are disfavored, a court

[1] Although Plaintiff moves to file a supplemental pleading under Rule 15(d), the standards under Rule 15(a) and (d) are the same. *Glatt v. Chi. Park Dist.*, 87 F.3d 190, 194 (7th Cir. 1996).

may deny leave to amend if the proposed pleading is clearly futile. *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008). A futile pleading includes one which fails to state a valid theory of liability or that would not survive a motion to dismiss. *Garcia v. City of Chicago*, 24 F.3d 966, 970 (7th Cir. 1994). "Such cases of clear futility at the outset of a case are rare …." *Runnion v. Girl Scouts of Greater Chi. and Nw. Ind.*, 786 F.3d 510, 520 (7th Cir. 2015).

Plaintiff's proposed supplemental pleading asserts that Defendant excluding him from its property constitutes retaliation and interference under § 3617 of the Fair Housing Act.[2] Defendant responds that Plaintiff's pleading is futile because Defendant has an absolute right to exclude Plaintiff from its private property.[3] However, Plaintiff's supplemental pleading does not argue that Defendant has no right to exclude Plaintiff from its property. Rather, he argues that the exclusion constitutes retaliation under the Fair Housing Act, which may be a valid theory of liability. Therefore, the supplemental pleading is not clearly futile.

This is not to say that Plaintiff's supplemental pleading would necessarily succeed; under the liberal Rule 15(a)(2) standard, Plaintiff is to be given the opportunity to amend his pleading "even [if] the court doubts [he] will be able to overcome [its] defects." *Runnion*, 786 F.3d at 520 (citations omitted). Because the

[2] Section 3617 prohibits any action that "coerce[s], intimidate[s], or interfere[s] with any person" who has exercised their rights under the Fair Housing Act. 42 U.S.C. § 3617.

[3] Illinois courts recognize the common-law rule that a private property owner has a right to exclude a patron from its property for any or no reason. *Brooks v. Chicago Downs Ass'n, Inc.*, 791 F.2d 512, 515 (7th Cir. 1986).

court is not *certain* that Plaintiff's proposed supplemental pleading is futile, Plaintiff will be granted leave to file his supplemental pleading. *See id.* at 519-20.

## II. Motion for Leave to File Document Under Seal

Plaintiff also seeks to file a document containing photographs of his injuries (Doc. 19) under seal. Plaintiff's previous motion for leave to file this document under seal (Doc. 20) was denied without prejudice. (Doc. 24).

"Documents that affect the disposition of federal litigation are presumptively open to public view, even if the litigants strongly prefer secrecy, unless a statute, rule, or privilege justifies confidentiality." *In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010). Plaintiff argues that sealing the document is appropriate because it contains graphic images of his injuries that would cause him unnecessary harm and embarrassment. Rule 26 allows the court to, for good cause, issue an order to protect a party from embarrassment. Fed. R. Civ. P. 26(c)(1). But "it is not sufficient that the Plaintiff claim that the materials would simply embarrass [him]; [he] must show that there is 'good cause' to protect [him] from embarrassment." *Marcial v. Rush Univ. Med. Ctr.*, 2018 WL 4144634, at *3 (N.D. Ill. Aug. 30, 2018). Plaintiff does not explain how the photographs will cause him embarrassment and, therefore, has not shown good cause to seal the document. *See id.* (a conclusory statement that not sealing a document will cause embarrassment does not constitute good cause).

Furthermore, Civil Local Rule 7.1(C) requires that documentary evidence offered in support of or opposition to a motion must be filed with the motion or response. Like his previously denied motion to seal, Plaintiff's motion again does not

identify any motion or proceeding requiring the Court to consider the document at this stage of the litigation. Nor does Plaintiff establish a present procedural basis for filing the photographs independently.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Leave to File Supplemental Pleading (Doc. 25) is GRANTED. The Clerk is DIRECTED to docket Doc. 25-2 as Plaintiff's Supplemental Pleading. Plaintiff's Motion for Leave to File Document Under Seal (Doc. 26) is DENIED.

*So ordered.*

Entered this 16th day of November 2026.

s/Ronald L. Hanna

Ronald L. Hanna
United States Magistrate Judge